UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LING CHEN, PATRICK WONG, CHEN QIANG, BAO ZHEN LIANG,<br><br>Plaintiffs,<br><br>- against -<br><br>NEXT LEVEL TRADING CAPITAL, LLC;<br>NEXT LEVEL TRADING CAPITAL II LLC;<br>NEXT LEVEL TRADING CAPITAL III LLC;<br>HING KI TSANG, ALSO KNOWN AS DAVID TSANG; KAY TSANG;<br>LIAN YIN, ALSO KNOWN AS STEVEN YIN;<br>KIT YING YEAP, ALSO KNOWN AS KELLY YEAP; NAM HIN YEAP;<br>STEPHEN W. YUE;<br>SIU YING LAU, ALSO KNOWN AS SIU JING LAU;<br>JP MORGAN CHASE BANK, N.A.;<br>DIME COMMUNITY BANCSHARES, INC., DOING BUSINESS AS DIME SAVINGS BANK OF WILLIAMSBURGH;<br>COMMERCE BANCORP, INC.;<br>TD BANK, N.A.;<br>JOHN YUEN;<br>AND DOES 1 THROUGH 15 INCLUSIVE,<br><br>Defendants. | Case No.: 10 CV 2842 (LIG) (RML)<br><br>**ECF Case**<br><br><br><br>**DECLARATION OF<br>DIONNE FRASER IN SUPPORT<br>OF TD BANK'S<br><u>MOTION TO DISMISS</u>** |

DIONNE A. FRASER, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an associate of Phillips Lytle LLP, attorneys for defendants TD Bank, N.A. and Commerce Bancorp, Inc., a wholly-owned subsidiary of TD Bank, N.A. (collectively, "TD Bank").

2. I submit this declaration in support of TD Bank's motion to dismiss Plaintiffs' complaint in its entirety as to TD Bank, pursuant to Fed. R. Civ. P. 12(b)(6).[1]

3. Attached as Exhibit A is a true and accurate copy of Plaintiffs' First Amended Complaint ("Complaint").

4. By their Complaint, Plaintiffs accuse Defendants Next Level Trading Capital LLC, Next Level Trading Capital II LLC, Next Level Trading Capital III LLC, Hing Ki Tsang, Kay Tsang, Lian Yin, Kit Ying Yeap, Stephen W. Yue, Siu Ying Lau and Siu Jing Lau (collectively, the "Next Level Defendants") of securities fraud, RICO violations, common law fraud, intentional misrepresentation, breach of contract and alter ego liability.

5. Plaintiffs allege that Next Level Defendants made representations to induce Plaintiffs to deliver funds for securities trades. (Complaint ¶¶ 30-32).

6. In reliance on these representations, Plaintiffs allegedly transferred funds to Next Level Defendants by wire, checks, and cash. (Complaint ¶ 37).

7. The Next Level principals disappeared with the assets of the business sometime between the end of 2009 and the beginning of 2010. (Complaint ¶ 32).

8. The allegations against TD Bank involve only Plaintiffs Ling Chen and Patrick Wong, customers of both Commerce Bank and TD Bank. (Complaint ¶ 40).

9. According to the Complaint, "three checks totaling $196,000 were drawn on Commerce Bank, [and] made payable to Next Level Trading Capital LLC . . . ." (Complaint ¶ 40).

10. Plaintiffs do not specify the individual amounts of each check.

---

[1] TD Bank's Memorandum of Law in Support of its Motion to Dismiss, dated September 14, 2010 (the "Memorandum"), to which this Court is respectfully referred.

11. Significantly, there is no allegation that Ling Chen's signatures are invalid.

12. Instead, Plaintiffs allege that the checks were indorsed by parties who were not authorized to sign for the designated payees. (Complaint ¶ 41).

13. It appears from the facts alleged that Plaintiff Ling Chen signed the checks and gave them to Next Level Defendants.

14. On those allegations, Plaintiffs now accuse TD Bank of: 1) breach of trust (Complaint ¶¶ 80-83); 2) breach of fiduciary obligation (Complaint ¶¶ 84-89); 3) conversion (Complaint ¶¶ 90-94); 4) conversion of negotiable instruments and electronic funds transfers (Complaint ¶¶ 95-104); 5) restitution (Complaint ¶¶ 105-107); and 6) violation of the Deceptive Trade Practices Act (Complaint ¶¶ 108-116).

15. Plaintiffs aggregate four bank defendants and over eleven Next Level defendants in many of their allegations of wrongdoing, without in any way attempting to distinguish TD Bank's alleged involvement.

16. Now TD Bank brings this motion to dismiss because the facts alleged do not give rise to an action against TD Bank.

**THE COMPLAINT FAILS TO STATE A CAUSE
OF ACTION FOR BREACH OF TRUST AND BREACH
OF FIDUCIARY OBLIGATION AGAINST TD BANK
BECAUSE NO FIDUCIARY RELATIONSHIP EXISTS**

17. Defendant TD Bank is not a fiduciary of Plaintiffs Ling Chen and Patrick Wong.[2]

---

[2] The Court is respectfully referred to Section I of the Memorandum, which cites to case law explaining that it is well settled that New York law regards the relationship between a bank and an account holder as that of debtor and creditor, and that relationship is not a fiduciary one.

18. Plaintiffs allege in the breach of trust claim that defendants "are holding, or have held, funds which belong to plaintiffs, and have a duty to hold plaintiffs' funds in trust for the benefit of Plaintiffs." (Complaint ¶ 81).

19. Additionally they state, "Defendants have failed and refused to hold plaintiffs' funds in trust for the benefit of plaintiffs but have instead paid or transferred plaintiffs' funds to themselves and/or other persons without having any right or authority to do so." (Complaint ¶ 82).

20. Even accepting as true, all factual statements made in the Complaint, Plaintiffs do not allege this was a trust account or some other special account, nor that TD Bank was in some legal way an agent or trustee; in short, they allege no facts that show the existence of a fiduciary duty with TD Bank.

21. Plaintiffs allege in their breach of fiduciary obligation claim that there was a fiduciary obligation to treat Plaintiffs with good faith and fidelity.

22. Plaintiffs have alleged no special facts specific to their relationship with TD Bank that would create a fiduciary relationship.

23. Plaintiffs' claim for breach of trust and fiduciary obligation cannot exist in the absence of allegations supporting a fiduciary duty.  Therefore, these claims must be dismissed.

## THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR CONVERSION AND CONVERSION OF NEGOTIABLE INSTRUMENTS AND ELECTRONIC FUNDS TRANSFERS BECAUSE THE FUNDS ARE NOT SPECIFICALLY IDENTIFIABLE AND A DEMAND UPON TD BANK WAS NOT MADE

24. Plaintiffs have made no specific allegation that TD Bank wrongfully kept or retained specifically identifiable funds.[3]

25. Here, Plaintiffs allege, "Said conduct entitles Plaintiffs to an award in the amount of the value of the property at the time of conversion, more particularly to an award in at least the following amounts: at least $265,000, plus interest, costs, and attorney's fees, for Plaintiffs Chen Qiang and Bao Zhen Liang; at least $500,000 plus interest, costs, and attorney's fees for Plaintiff Ling Chen; and at least $230,000, plus interest, costs and attorney's fees for Plaintiff Patrick Wong."

26. Plaintiffs fail to plead with particularity which sum at issue defendant TD Bank allegedly converted.

27. The only relevant mention of TD Bank or Commerce Bank in the Complaint concerns a sum of $196,000 drawn on Commerce Bank. (Complaint ¶ 40).

28. Even assuming that Plaintiffs are alleging that $196,000 was converted by TD Bank, their claim must fail as a matter of law.

29. There is no allegation that Plaintiffs' funds were held in a special account, making them special identifiable funds.

---

[3] The Court is respectfully referred to Section II of the Memorandum, which cites to case law explaining that conversion requires that money be specifically identifiable and plaintiffs must allege a demand for the return of property was made and a refusal to comply with this demand followed.

30. Additionally, to maintain a viable claim for conversion, plaintiffs must allege that a demand for the return of property was made and that a refusal to comply with this demand followed.

31. In neither claims for conversion do Plaintiffs allege a demand was made on TD Bank for the return of funds. Nor do Plaintiffs allege that such a demand was refused.

32. Accordingly, Plaintiffs have failed to state a cause of action for both conversion and conversion of negotiable instruments and electronic funds transfers.

### THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR RESTITUTION OR UNJUST ENRICHMENT BECAUSE NO BENEFIT TO TD BANK IS ALLEGED

33. In the Complaint, Plaintiffs allege their eleventh cause of action is "Restitution." (Complaint ¶ 105-107).[4]

34. Restitution is not a viable cause of action at law, thus this claim must be dismissed on this basis alone.

35. Even if this Court interprets this claim as one for unjust enrichment, the claim must be dismissed.

36. While Plaintiffs allege that defendant TD Bank wrongfully allowed the payment of negotiable instruments to unauthorized payees, they do not allege that TD Bank specifically benefitted from this conduct.

37. Indeed, they claim that "Defendants" were unjustly enriched at Plaintiffs' expense but this is exactly the type of conclusory allegation or legal conclusion masquerading as factual conclusions that should not prevent a motion to dismiss.

---

[4] The Court is respectfully referred to Section III of the Memorandum, which cites to case law explaining that restitution is a "toll of equity" when there is no adequate remedy at law, and without an allegation that defendant was enriched at plaintiffs' expense, an unjust enrichment action must fail.

6

38. New York courts consistently grant motions to dismiss where no benefit to the accused party is alleged.

39. For these reasons, this Court should dismiss Plaintiffs cause of action for "restitution" or unjust enrichment for failure to state a cause of action.

### THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT BECAUSE NO DECEPTIVE STATEMENT OR ACT BY TD BANK IS ALLEGED

40. Plaintiffs fail to allege a deceptive act by TD Bank, and therefore fail to state a cause of action under the Deceptive Trade Practices Act ("DTPA").[5]

41. The DTPA states, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. Law § 349(a).

42. In their Complaint, Plaintiffs fail to allege any conduct by TD Bank was deceptive or misleading.

43. The only mention of TD Bank or Commerce Bank in the Complaint concern checks drawn on the Plaintiffs' checking account that Plaintiffs signed in advance and delivered on the Next Level defendants with blank payees. (Complaint ¶¶ 40-41).

44. Plaintiffs' Complaint is bereft of any set of facts supporting their allegations that TD Bank has engaged in any deceptive conduct or statements.

45. Quite the contrary, the facts pled demonstrate that TD Bank acted in accordance with its obligations (i.e., paying funds drawn on its accounts by negotiable instruments with valid signatures).

---

[5] The Court is respectfully referred to Section IV of the Memorandum, which cites to case law explaining that the DTPA requires a plaintiff allege that a defendant engaged in an act or practice that was deceptive or misleading in a material way, and plaintiff was injured by reason thereof.

7

46. There are no facts alleging deceptive statements or actions by defendant TD Bank, therefore Plaintiffs have failed to state a cause of action and this Court should dismiss the DTPA Act claim.

47. For all the foregoing reasons, TD Bank's motion to dismiss should be granted.

Dated: New York, New York
September 14, 2010

_____
DIONNE A. FRASER

Doc # 05-393535.1 / 40012.383