UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LING CHEN, PATRICK WONG, CHEN QIANG, BAO ZHEN LIANG,<br><br>                Plaintiffs,<br><br>             - against -<br><br>NEXT LEVEL TRADING CAPITAL, LLC;<br>NEXT LEVEL TRADING CAPITAL II LLC;<br>NEXT LEVEL TRADING CAPITAL III LLC;<br>HING KI TSANG, ALSO KNOWN AS DAVID TSANG; KAY TSANG;<br>LIAN YIN, ALSO KNOWN AS STEVEN YIN;<br>KIT YING YEAP, ALSO KNOWN AS KELLY YEAP; NAM HIN YEAP;<br>STEPHEN W. YUE;<br>SIU YING LAU, ALSO KNOWN AS SIU JING LAU;<br>JP MORGAN CHASE BANK, N.A.;<br>DIME COMMUNITY BANCSHARES, INC., DOING BUSINESS AS DIME SAVINGS BANK OF WILLIAMSBURGH;<br>COMMERCE BANCORP, INC.;<br>TD BANK, N.A.;<br>JOHN YUEN;<br>AND DOES 1 THROUGH 15 INCLUSIVE,<br><br>                Defendants. | Case No.: 10 CV 2842 (LIG) (RML)<br><br>**ECF Case** |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT
<u>TD BANK'S MOTION TO DISMISS</u>**

Dionne A. Fraser, Esq. (DF9116)
Phillips Lytle LLP
*Attorneys for Defendants*
   *TD Bank, N.A*
   *Commerce Bancorp, Inc.*
437 Madison Avenue, 34th Floor
New York, New York 10022
Tel: (212) 759-4888
<u>dfraser@phillipslytle.com</u>

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ............................................................................................1

FACTS ....................................................................................................................................1

ARGUMENT..........................................................................................................................2

TD BANK IS ENTITLED TO A DISMISSAL OF THE AMENDED
COMPLAINT BECAUSE IT FAILS TO STATE A CAUSE OF ACTION .....................2

    I.    The Complaint Fails To State a Cause of Action for Breach of Trust
and Breach of Fiduciary Obligation Against TD Bank Because No
Fiduciary Relationship Exists ..................................................................................3

    II.    The Complaint Fails To State a Cause of Action for Conversion and
Conversion of Negotiable Instruments and Electronic Funds
Transfers Because the Funds Are Not Specifically Identifiable and a
Demand Upon TD Bank Was Not Made ...............................................................4

    III.    The Complaint Fails To State a Cause of Action for Restitution or
Unjust Enrichment Because No Benefit to TD Bank is Alleged ...........................6

    IV.    The Complaint Fails To State a Cause of Action for Violation of the
Deceptive Trade Practices Act Because No Deceptive Statement or
Act by TD Bank is Alleged.......................................................................................8

CONCLUSION.......................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

Aaron Ferer & Sons, Ltd. v. Chase Manhattan Bank, N.A.,
  731 F.2d 112 (2d Cir. 1984) ................................................................................................. 3, 4

ABF Capital Mgmt. v. Askin Capital Mgmt., L.P.,
  957 F. Supp. 1308 (S.D.N.Y. 1997) ............................................................................................ 7

Abrahami v. UPC Const. Co. Inc.,
  574 N.Y.S.2d 52 (1st Dep't 1991) ............................................................................................... 8

Allstate Ins. Co. v. Rozenberg,
  590 F. Supp. 2d 384 (E.D.N.Y. 2008) ........................................................................................ 7

Bank Leumi Trust Co. v. Block 3102 Corp.,
  180 A.D.2d 588 (1st Dep't 1992) ................................................................................................ 3

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) .................................................................................................................... 3

Beth Isr. Med. Ctr. v. Horizon Blue Cross and Blue Shield of N.J., Inc.,
  448 F.3d 573 (2d Cir. 2006) ........................................................................................................ 7

Bietola v. McCue,
  764 N.Y.S.2d 692 (1st Dep't 2003) ............................................................................................. 7

Briarpatch Ltd., L.P v. Phoenix Pictures., Inc.,
  373 F.3d 296 (2d Cir. 2004) ........................................................................................................ 7

Chem. Bank v. Ettinger,
  196 A.D.2d 711 (1st Dep't. 1993) ............................................................................................... 5

Clark v. Daby,
  300 A.D.2d 732 (3d Dep't. 2002) ................................................................................................ 7

Dunnigan v. Metropolitan Life Ins. Co.,
  99 F. Supp. 2d 307 (S.D.N.Y. 2000), vacated, 277 F.3d 223 (2d Cir. 2002) .............................. 6

Granite Partners, L.P. v. Bear, Stearns & Co. Inc.,
  17 F. Supp. 2d 275 (S.D.N.Y. 1998) ........................................................................................... 7

Hirsch v. Arthur Andersen & Co.,
  72 F.3d 1085 (2d Cir. 1995) ........................................................................................................ 3

Kopec v. Coughlin,
  922 F.2d 152 (2d Cir. 1991) ........................................................................................................ 3

Leeds v. Meltz,
 85 F.3d 51 (2d Cir. 1996)...............................................................................................3

LoPresti v. Terwilliger,
 126 F.3d 34 (2d Cir. 1997)..............................................................................................5

Louros v. Cyr,
 175 F. Supp. 2d 497 (S.D.N.Y. 2001)..............................................................................6

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Chem. Bank,
 57 N.Y.2d 439 (1982) .....................................................................................................4

Mfrs. Hanover Trust Co. v. Yanakas,
 7 F.3d 310 (2d Cir. 1993)................................................................................................3

Nat'l Amusements, Inc. v. New Jersey Turnpike Auth., 619 A.2d 262, 267 (N.J. Super.
 Ct. Law Div. 1992), aff'd., 645 A.2d 1194 (N.J. Super. App. Div. 1994) ....................6

Olmeca, S.A. v. Mfrs. Hanover Trust Co.,
 629 F. Supp. 214 (S.D.N.Y. 1985) ..................................................................................4

Prospect Plaza Tenant Association, Inc. v. New York City Housing Author.,
 783 N.Y.S.2d 563 (1st Dep't 2004) .................................................................................7

Schloss v. Danka Bus. Sys. PLC,
 2000 U.S. Dist. LEXIS 2909 (S.D.N.Y. Mar. 16, 2000) ................................................6

Schmidt v. Fleet Bank,
 1998 U.S. Dist. LEXIS 1041 (S.D.N.Y. Feb. 4, 1998)....................................................5

Schroeder v. Capital One Fin. Corp.,
 665 F. Supp. 2d 219 (E.D.N.Y. 2009) .........................................................................3, 8

Stone v. Solarbrite Inc.,
 512 N.Y.S.2d 784 (2d Dep't 1987).................................................................................7

Violette v. Armonk Assocs., L.P., 872 F. Supp. 1279, 1282 (S.D.N.Y.1995) ...............................7

Worldhomecenter.com, Inc. v. L.D. Kichler Co.,
 No. 05-CV-3297, 2007 U.S. Dist. LEXIS 22496 (E.D.N.Y. Mar. 28, 2007)..............9

**STATUTES**

Fed. R. Civ. P. 12(b)(6)..............................................................................................................1, 3

N.Y. Gen. Bus. Law § 349(a) (McKinney 2004)............................................................................8

**OTHER AUTHORITIES**
2 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 12.34[1][b] (3d ed. 1997) ...................3, 7

23 N.Y. Jur. 2d, Conversion and Action for Recovery of Chattel § 9 ............................................5

## PRELIMINARY STATEMENT

Defendants TD Bank, N.A. and Commerce Bancorp, Inc., its predecessor in interest,[1] (collectively, "TD Bank") submit this Memorandum of Law in support of their motion to dismiss this action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have alleged, at most, that a customer of TD Bank properly wrote certain checks and properly signed them, but that the payees of the checks were not authorized to receive them. Put another way, the only allegation is that TD Bank, when presented with checks properly signed by its own customer, honored those checks. As this does not create any cognizable claim against TD Bank, the action should be dismissed as against it.

## FACTS

By their First Amended Complaint ("Complaint"), Plaintiffs accuse Defendants Next Level Trading Capital LLC, Next Level Trading Capital II LLC, Next Level Trading Capital III LLC, Hing Ki Tsang, Kay Tsang, Lian Yin, Kit Ying Yeap, Stephen W. Yue, Siu Ying Lau and Siu Jing Lau (collectively, the "Next Level Defendants") of securities fraud, RICO violations, common law fraud, intentional misrepresentation, breach of contract and alter ego liability. Plaintiffs allege that Next Level Defendants made representations to induce Plaintiffs to deliver funds for securities trades. (Complaint ¶¶ 30-32). In reliance on these representations, Plaintiffs allegedly transferred funds to Next Level Defendants by wire, checks, and cash. (Complaint ¶ 37). The Next Level principals disappeared with the assets of the business sometime between the end of 2009 and the beginning of 2010. (Complaint ¶ 32).

The allegations against TD Bank involve only Plaintiffs Ling Chen and Patrick Wong, customers of both Commerce Bank and TD Bank. (Complaint ¶ 40). According to the

---

[1] TD Bank purchased Commerce Bancorp, Inc. in March 2008.

Complaint, "three checks totaling $196,000 were drawn on Commerce Bank, [and] made payable to Next Level Trading Capital LLC . . . ." (Complaint ¶ 40). Plaintiffs do not specify the individual amounts of each check. Significantly, there is no allegation that Ling Chen's signatures are invalid. Instead, Plaintiffs allege that the checks were indorsed by parties who were not authorized to sign for the designated payees. (Complaint ¶ 41). The Complaint states, "Four of the checks delivered by plaintiff Ling Chen to Defendant Kit Ying Yeap, . . . were negotiated not by any of the Next Level Defendants but by strangers and were paid by Defendants Commerce Bancorp Inc. and TD Bank, N.A. over unauthorized indorsements." (Complaint ¶ 41). It appears from the facts alleged that Plaintiff Ling Chen signed the checks in blank and gave them to Next Level Defendants. On those allegations, Plaintiffs now accuse TD Bank of: 1) breach of trust (Complaint ¶¶ 80-83); 2) breach of fiduciary obligation (Complaint ¶¶ 84-89); 3) conversion (Complaint ¶¶ 90-94); 4) conversion of negotiable instruments and electronic funds transfers (Complaint ¶¶ 95-104); 5) restitution (Complaint ¶¶ 105-107); and 6) violation of the Deceptive Trade Practices Act (Complaint ¶¶ 108-116).

Plaintiffs aggregate four bank defendants and over eleven Next Level defendants in many of their allegations of wrongdoing, without in any way attempting to distinguish TD Bank's alleged involvement.

Now TD Bank brings this motion to dismiss because the facts alleged do not give rise to an action against TD Bank.

## ARGUMENT

### TD BANK IS ENTITLED TO A DISMISSAL OF THE AMENDED COMPLAINT BECAUSE IT FAILS TO STATE A CAUSE OF ACTION

A district court's function on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of the challenged claims. See Kopec v. Coughlin, 922 F.2d 152,

2

155 (2d Cir. 1991). "While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[1][b] (3d ed. 1997); see also Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1088 (2d Cir. 1995). As the U.S. Supreme Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted) (alteration in original).

I.  **The Complaint Fails To State a Cause of Action for Breach of Trust and Breach of Fiduciary Obligation Against TD Bank Because No Fiduciary Relationship Exists**

Defendant TD Bank is not a fiduciary of Plaintiffs Ling Chen and Patrick Wong. "It is well settled that New York law regards the relationship between a bank and an account holder as that of debtor and creditor, and that relationship is not fiduciary in nature." Schroeder v. Capital One Fin. Corp., 665 F. Supp. 2d 219, 225 (E.D.N.Y. 2009) (citing Mfrs. Hanover Trust Co. v. Yanakas, 7 F.3d 310, 318 (2d Cir. 1993); Aaron Ferer & Sons, Ltd. v. Chase Manhattan Bank, N.A., 731 F.2d 112, 122 (2d Cir. 1984)); see Bank Leumi Trust Co. v. Block 3102 Corp., 180 A.D.2d 588, 589-90 (1st Dep't 1992). See also, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Chem. Bank, 57 N.Y.2d 439, 444 (1982).

Plaintiffs allege in the breach of trust claim that defendants "are holding, or have held, funds which belong to Plaintiffs, and have a duty to hold Plaintiffs' funds in trust for the benefit of Plaintiffs." (Complaint ¶ 81). Additionally they state, "Defendants have failed and

3

refused to hold Plaintiffs' funds in trust for the benefit of Plaintiffs but have instead paid or transferred Plaintiffs' funds to themselves and/or to other persons without having any right or authority to do so." (Complaint ¶ 82). Even accepting as true, all factual statements made in the Complaint, Plaintiffs do not allege this was a trust account or some other special account, nor that TD Bank was in some legal way an agent or trustee; in short, they allege no facts that show the existence of a fiduciary duty with TD Bank.

Plaintiffs allege in their breach of fiduciary obligation claim that there was a fiduciary obligation to treat Plaintiffs with good faith and fidelity. Again, no fiduciary duty exists in the normal debtor-creditor relationship between a bank and its customers. "The bank only becomes the fiduciary of the depositor when it acts as an agent or trustee." Olmeca, S.A. v. Mfrs. Hanover Trust Co., 629 F. Supp. 214, 223 (S.D.N.Y. 1985) (citing Aaron Ferer & Sons, Ltd., 731 F.2d at 122, "[a] correspondent bank relationship, standing alone, does not create an agency relationship, and [plaintiffs] neither pleaded nor proved any other facts which could possibly be construed as creating a fiduciary relationship between it and Chase" (citation omitted). Similarly, Plaintiffs have alleged no special facts specific to their relationship with TD Bank that would create a fiduciary relationship. Plaintiffs' claim for breach of trust and fiduciary obligation cannot exist in the absence of allegations supporting a fiduciary duty. Therefore, these claims must be dismissed.

## II. The Complaint Fails To State a Cause of Action for Conversion and Conversion of Negotiable Instruments and Electronic Funds Transfers Because the Funds Are Not Specifically Identifiable and a Demand Upon TD Bank Was Not Made

Plaintiffs have made no specific allegation that TD Bank wrongfully kept or retained specifically identifiable funds. "'Conversion occurs when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or

4

superior right of possession.'" LoPresti v. Terwilliger, 126 F.3d 34, 41 (2d Cir. 1997). "Actions for the conversion of money are cognizable only in cases 'where there is an obligation to return or otherwise treat in a particular manner the specific money in question.'" Brassco, Inc. v. Klipo, No. 99 Civ. 3014, 2006 U.S. Dist. LEXIS 3488, at *56-57 (S.D.N.Y. Jan. 27, 2006) (quoting 23 N.Y. Jur. 2d, Conversion and Action for Recovery of Chattel § 9). Therefore, "'money must be specifically identifiable and segregated' in order to be the subject of an action in conversion; if 'the allegedly converted money is incapable of being described or identified in the same manner as specific chattel, it is not the proper subject of a conversion action.'" Id. at *57.

Courts have repeatedly held that because a customer's bank account is a debt owed it "is not sufficiently specific and identifiable, in relation to the bank's other funds to support a claim for conversion against the bank." See Schmidt v. Fleet Bank, 1998 U.S. Dist. LEXIS 1041, at *50 (S.D.N.Y. Feb. 4, 1998) (citing Chem. Bank v. Ettinger, 196 A.D.2d 711, 714-16 (1st Dep't. 1993)). Here, Plaintiffs allege, "Said conduct entitles Plaintiffs to an award in the amount of the value of the property at the time of conversion, more particularly to an award in at least the following amounts: at least $265,000, plus interest, costs, and attorney's fees, for Plaintiffs Chen Qiang and Bao Zhen Liang; at least $500,000 plus interest, costs, and attorney's fees for Plaintiff Ling Chen; and at least $230,000, plus interest, costs and attorney's fees for Plaintiff Patrick Wong." (Complaint ¶ 92). Plaintiffs fail to plead with particularity which sum at issue defendant TD Bank allegedly converted. The only relevant mention of TD Bank or Commerce Bank in the Complaint concerns a sum of $196,000 drawn on Commerce Bank. (Complaint ¶ 40). Even assuming that Plaintiffs are alleging that $196,000 was converted by TD Bank, their claim must fail as a matter of law. There is no allegation that Plaintiffs' funds were held in a special account, making them special identifiable funds.

5

Additionally, to maintain a viable claim for conversion, plaintiffs must allege that "'a demand for the return of property was made and that a refusal to comply with this demand followed.'" Louros v. Cyr, 175 F. Supp. 2d 497, 515 (S.D.N.Y. 2001) (citing Schloss v. Danka Bus. Sys. PLC, 2000 U.S. Dist. LEXIS 2909, *19 (S.D.N.Y. Mar. 16, 2000) aff'd 234 F.3d 1263 (2d Cir. 2000)). In neither claims for conversion do Plaintiffs allege a demand was made on TD Bank for the return of funds. Nor do Plaintiffs allege that such a demand was refused. Accordingly, Plaintiffs have failed to state a cause of action for both conversion and conversion of negotiable instruments and electronic funds transfers.

### III. The Complaint Fails To State a Cause of Action for Restitution or Unjust Enrichment Because No Benefit to TD Bank is Alleged

In the Complaint, Plaintiffs allege their eleventh cause of action is "Restitution." (Complaint ¶ 105-107). Restitution is not a viable cause of action at law, thus this claim must be dismissed on this basis alone. See Dunnigan v. Metropolitan Life Ins. Co., 99 F. Supp. 2d 307, 321 (S.D.N.Y. 2000) ("'[r]estitution -- the traditional remedy for unjust enrichment -- is widely, if not universally, regarded as a toll of equity'") vacated, 277 F.3d 223 (2d Cir. 2002); Nat'l Amusements, Inc. v. New Jersey Turnpike Auth., 619 A.2d 262, 267 (N.J. Super. Ct. Law Div. 1992), ("[r]estitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law"), aff'd., 645 A.2d 1194 (N.J. Super. App. Div. 1994).

Even if this Court interprets this claim as one for unjust enrichment, the claim must be dismissed. "To state a claim for unjust enrichment, a plaintiff must allege that the defendant was enriched at the plaintiff's expense and that the circumstances are such that equity and good conscience require that the defendant make restitution." Granite Partners, L.P. v. Bear, Stearns & Co. Inc., 17 F. Supp. 2d 275, 311 (S.D.N.Y. 1998) (citing, ABF Capital Mgmt. v. Askin Capital Mgmt., L.P., 957 F. Supp. 1308, 1331 (S.D.N.Y. 1997); Violette v. Armonk

6

Assocs., L.P., 872 F. Supp. 1279, 1282 (S.D.N.Y.1995)). See also, Beth Isr. Med. Ctr. v. Horizon Blue Cross and Blue Shield of N.J., Inc., 448 F.3d 573, 586 (2d Cir. 2006); Briarpatch Ltd., L.P v. Phoenix Pictures., Inc., 373 F.3d 296, 306 (2d Cir. 2004); Allstate Ins. Co. v. Rozenberg, 590 F. Supp. 2d 384, 395 (E.D.N.Y. 2008); Clark v. Daby, 300 A.D.2d 732, 751 (3d Dep't. 2002). While Plaintiffs allege that defendant TD Bank wrongfully allowed the payment of negotiable instruments to unauthorized payees, they do not allege that TD Bank specifically benefitted from this conduct. Indeed, they claim that "Defendants" were unjustly enriched at Plaintiffs' expense but this is exactly the type of "conclusory allegations or legal conclusions masquerading as factual conclusions" that should not "prevent a motion to dismiss." See 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[1][b] (3d ed. 1997).

New York courts consistently grant motions to dismiss where no benefit to the accused party is alleged. See Stone v. Solarbrite, Inc., 128 A.D.2d 416, 416-17 (2d Dep't 1987) (affirming order granting motion to dismiss unjust enrichment claim where plaintiff failed to allege what value the moving defendant actually received); Bietola v. McCue, 764 N.Y.S.2d 692, 693 (1st Dep't 2003) (affirming dismissal of unjust enrichment claim where the moving defendant never retained the money constituting the alleged enrichment); Prospect Plaza Tenant Ass'n v. New York City Hous. Author., 11 A.D.3d 400, 401-02 (1st Dep't 2004) (affirming order granting motion to dismiss unjust enrichment claim where there was no showing that a benefit was conferred upon the moving defendant); Abrahami v. UPC Constr. Co., 176 A.D.2d 180 (1st Dep't 1991) (affirming order and granting motion to dismiss claim for unjust enrichment where there were no allegations that the moving defendants had received the money). Cf. Schroeder v. Capital One Financial Corp., 665 F. Supp. 2d 219, 226 (E.D.N.Y. 2009), granting summary judgment where, "the only party that benefitted from the alleged wrongful

7

transfer of funds was the unauthorized third party to whom the funds were transferred" and "there [was] no benefit to the Bank stemming form the allegedly wrongful transfer of funds." The only parties that benefitted from these transactions were the Next Level Defendants, not TD Bank.

For these reasons, this Court should dismiss Plaintiffs cause of action for "restitution" or unjust enrichment for failure to state a cause of action.

### IV. The Complaint Fails To State a Cause of Action for Violation of the Deceptive Trade Practices Act <u>Because No Deceptive Statement or Act by TD Bank is Alleged</u>

Plaintiffs fail to allege a deceptive act by TD Bank, and therefore fail to state a cause of action under the Deceptive Trade Practices Act ("DTPA"). The DTPA states, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. Law § 349(a) (McKinney 2004).

> To state a claim under the DTPA, a plaintiff must allege '(1) defendant has engaged in an act or practice that is deceptive or misleading in a material way, and (2) plaintiff has been injured by reason thereof.' Deceptive acts and practices require a showing that a reasonable consumer acting reasonably under the circumstances would have been misled by the defendant's conduct. A mere allegation of 'anticompetitive conduct alone will not suffice.'

Worldhomecenter.com, Inc. v. L.D. Kichler Co., No. 05-CV-3297, 2007 U.S. Dist. LEXIS 22496 at *16-17 (E.D.N.Y. Mar. 28, 2007) (citation omitted). In their Complaint, Plaintiffs fail to allege any conduct by TD Bank was deceptive or misleading. The only mention of TD Bank or Commerce Bank in the Complaint concern checks drawn on the Plaintiffs' checking account that Plaintiffs signed in advance and delivered on the Next Level defendants with blank payees. (Complaint ¶¶ 40-41). Plaintiffs' Complaint is bereft of any set of facts supporting their

8

allegations that TD Bank has engaged in any deceptive conduct or statements. Quite the contrary, the facts pled demonstrate that TD Bank acted in accordance with its obligations (i.e., paying funds drawn on its accounts by negotiable instruments with valid signatures).

There are no facts alleging deceptive statements or actions by defendant TD Bank, therefore Plaintiffs have failed to state a cause of action and this Court should dismiss the DTPA Act claim.

## CONCLUSION

For all the foregoing reasons, TD Bank's motion to dismiss should be granted.

Dated: New York, New York
September 14, 2010

PHILLIPS LYTLE LLP

By: _/s/ Dionne Fraser_
Dionne A. Fraser, Esq. (DF9116)
Phillips Lytle LLP
*Attorneys for Defendants*
 *TD Bank, N.A*
 *Commerce Bancorp, Inc.*
437 Madison Avenue, 34th Floor
New York, New York 10022
Tel: (212) 759-4888
dfraser@phillipslytle.com

Doc # 05-393398.7 / 40012.383